STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
E-Mail: sforman@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID DEHATE<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC; LOWE'S COMPANIES, INC; JOSH DOE, and DOES 1 TO 100,<br><br>Defendants. | Case No.:<br><br>[*Riverside County Superior Court Case No.: MCC1901302*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Riverside, to the United States District Court, Central District of California – Western Division. The removal is based, specifically, on the following grounds:

///

///

///

- 1 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On October 18, 2019, Plaintiff DAVID DEHATE commenced the above-entitled civil action in the Superior Court for the County of Riverside by filing a Complaint therein entitled *David DeHate v. Lowe's Home Centers, LLC, et al.* Case No. MCC1901302. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A"**:

    a. Summons;

    b. Complaint;

    c. Civil Case Cover Sheet;

    d. Certificate of Counsel; and

    e. Alternative Dispute Resolution (ADR) Information Package

4. On October 23, 2019, the Summons, Complaint, Civil Case Cover Sheet and Alternative Dispute Resolution (ADR) Information Package were personally served on Lowe's Home Centers, LLC's agent for service of process.

5. On November 4, 2019, Plaintiff filed a Request for Dismissal, without prejudice, dismissing his Complaint against Lowe's Companies, Inc. only. A true and correct copy of Plaintiff's Request for Dismissal is attached hereto and incorporated by reference herein as **Exhibit "B."**

6. On November 20, 2019, Defendant LOWE'S HOME CENTERS, LLC, filed its Answer to Plaintiff's Complaint and also filed a Demand for Jury Trial. A true and correct copy of Defendant LOWE'S HOME CENTERS, LLC's Answer and the Demand for Jury Trial is attached hereto as **Exhibit "C."**

7. On December 17, 2019, Plaintiff served Lowe's Home Centers, LLC, with his Statement of Damages. In his Statement of Damages, Plaintiff claims damages of at least $742,200.00. A true and correct copy of Plaintiff's Statement of Damages is attached hereto and incorporated by reference as **Exhibit "D."**

8. The attached exhibits constitute all process, pleadings and orders served upon Defendant in this matter.

## DIVERSITY

### A. Citizenship

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

10. Plaintiff was, at the time of the filing of this action, and presently remains, domiciled in the State of Washington and is therefore a citizen of the State of Washington.

11. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC, is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc., is a North Carolina corporation, incorporated in North Carolina with its principal place of business in the State of North Carolina. Accordingly, LOWE'S

HOME CENTERS, LLC, is a citizen of the State of North Carolina.

12. Defendant Josh "Doe" is alleged to be an employee of Defendant LOWE'S HOME CENTERS, LLC. First, as set forth more fully below, the citizenship of defendants sued under fictitious names should be disregarded for purposes of determining diversity. Moreover, Plaintiff's Complaint alleges that the incident giving rise to this litigation occurred on November 26, 2018, at a Lowe's Store in Hemet, CA. **See Exhibit "A."** Plaintiff further alleges that he was injured when a Lowe's employee named "Josh DOE" caused a pallet of flooring materials to fall on his foot. The only "Josh" employed at Lowe's Hemet store and on duty on November 26, 2018, is domiciled in California, and thus completely diverse from Plaintiff (a citizen of Washington state) and Lowe's (a citizen of North Carolina).

13. The Forum Defendant Rule, 28 U.S.C. § 1441(b)(2), states that a civil action otherwise removable to federal court on the basis of diversity jurisdiction may not be removed "if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." [Emphasis added.] However, "Josh DOE" has not been served with a copy of the summons and complaint. Therefore, the "forum defendant rule" does not apply and is not a bar to Lowe's removal of the case to federal court. *Timmons v. Linvatec Corp.,* 2010 U.S. Dist. LEXIS 59127, *3-4 (C.D. Cal. 2010) [California citizenship of defendants unserved at the time of removal does not preclude removal by out-of-state defendant]; *May v. Haas,* 2012 U.S.Dist.LEXIS 148972, *2 (E.D. Cal. 2012) [removal proper where non-forum defendants removed action before forum defendant was served]; *Regal Stone Ltd. v. Longs Drug Stores Cal., LLC*, 881 F.Supp.2d 1123, 1128-1129 (N.D. Cal. 2012) [removal proper where non-forum defendants removed action before any defendants served, including forum defendants].

14. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant, and the "forum defendant rule" embodied in 28 U.S.C. § 1441(b)(2) does not bar removal when the purported forum defendant has not yet been served.

### B. Fictitious Does

16. Defendants DOES 1 to 100, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

16. Plaintiff's Complaint sets forth a cause of action for negligence (premises liability). *See* **Exhibit "A."** Plaintiff alleges that on November 26, 2018, Plaintiff was on the premises of Defendant's retail store for the purpose of purchasing goods. Plaintiff contends that he purchased thirty-three (33) boxes of flooring material that were placed on a pallet, which fell on Plaintiff's right foot causing Plaintiff to sustain injuries and damages. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

17. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); see *McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test"

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See* Cal. Code Civ. Proc. § 425.10.

applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); see also *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

18. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); see also *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

19. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages pursuant to California *Code of Civil Procedure* section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

20. On December 17, 2019, Plaintiff served Lowe's Home Centers, LLC, with a Statement of Damages pursuant to California *Code of Civil Procedure* § 452.11. Counsel for Defendant received this Statement of Damages on or about December 17, 2019. The Statement of Damages establishes that the amount in controversy in this

litigation exceeds the $75,000 statutory minimum. See **Statement of Damages, Exhibit "D."**

21. Plaintiff's Statement of Damages states that he is seeking at least $742,200.00 in damages. *Ibid.* Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

22. Because Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

23. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of the "other paper," to wit, Plaintiff's Statement of Damages served on December 17, 2019, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

24. Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed his Complaint on October 18, 2019.

25. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated: December 26, 2019

THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and not a party to this legal action.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Richard A. Jones, Esq.<br>LAW OFFICES OF RICHARD A. JONES<br>1820 E. 17th Street<br>Santa Ana, CA 92705<br>Tel: 714-480-0200; 714-480-0423 | Attorneys for Plaintiff, DAVID DEHATE |
|---|---|

5. a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ___ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): see below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 12/30/19 | Bertha Muñoz | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\31000-000\31118\Pleadings\Federal\Notice of Removal.docx

*Left margin:* THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 9 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B)
(DIVERSITY)